UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LEGATE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-269 |
| | § | |
| BRAD LIVINGSTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS ACTION**

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C.

§ 1983.  Under the Prison Litigation Reform Act,  Pub. L. No. 104-134, 110  Stat. 1321

(1996), any prisoner action brought under federal law must be dismissed if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28

U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless of

whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v. United States*,

160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th

Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint

must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations

must be accepted as true, unless they are clearly irrational or wholly incredible.  *Denton

v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court dismiss with prejudice Plaintiff's Eighth Amendment claims against Defendant Brad Livingston and that the dismissal of this lawsuit be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.       JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.      BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the McConnell Unit in Beeville, Texas, serving a ninety-nine (99) year sentence for murder.  He will be eligible for parole in approximately fourteen (14) years.  Plaintiff is Native American, and in 2002, he began studying and practicing the Native American religion.  Tenets of his faith include pipe ceremonies in which prayers are offered to the Creator.

On June 26, 2014, Plaintiff filed the instant lawsuit alleging that he had been exposed to and contracted Hepatitis C because AN earlier TDCJ policy allowed Native American practitioners to smoke a communal pipe during sacred pipe ceremonies.  (D.E. 1).  The TDCJ has since banned Native American adherents from partaking in the communal pipe during pipe ceremonies; however, Plaintiff claims that THE prior practice OF allowing inmates to smoke the communal pipe was done in deliberate indifference to

his health and safety, in violation of the Eighth Amendment. *Id.* A *Spears*[1] hearing was conducted on July 28, 2014. The following allegations were made in Plaintiff's original complaint (D.E. 1), or at the hearing:

Plaintiff entered the TDCJ for his current conviction in 1999. At his initial medical screening, he was screened for a variety of communicable diseases including tuberculosis, hepatitis, AIDs and HIV. Plaintiff tested negative for these contagious diseases and was found to be in good health.

In 2002, Plaintiff resumed practicing his Native American faith. At that time, TDCJ policy allowed Native American offenders to personally partake in the communal pipe during sacred pipe ceremonies. Plaintiff not only participated in the pipe ceremonies beginning in 2002, but in 2007, he became an elder, at which time his own personal pipe was "woken up" and he was permitted to use and share his own personal pipe at certain ceremonies.

In 2003, Plaintiff was diagnosed with Hepatitis C. At that time, Plaintiff had no idea how he had contracted the disease because he always took the proper precautions to maintain good health. For example, Plaintiff has obtained tattoos while in prison, but he uses his own personal needle and ink.[2] Despite the Hepatitis C diagnosis, Plaintiff continued to partake in the communal pipe ceremonies through 2009.

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

[2] Plaintiff acknowledged that it is against TDCJ policy for offenders to get tattoos while in TDCJ custody.

On May 24, 2013, Plaintiff filed a lawsuit challenging, *inter alia,* (1) TDCJ's grooming policy requiring offenders to maintain short hair, (2) TDCJ's prohibition concerning the wearing of medicine bags, and (3) a change in policy that now prohibited offenders from smoking a communal pipe.  *See Legate v. Stephens,* Case No. 2:13-cv-148, at D.E. 1.  Plaintiff claimed that the challenged TDCJ's policies violated provisions of the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc, as well as his First Amendment right to exercise his religious faith.  *Id.*  On June 6, 2014, it was recommended that Plaintiff's RLUIPA and First Amendment claims be dismissed  (*See* Case No. 2:13-cv-148, D.E. 43), and on July 21, 2014, Plaintiff's claims in Case No. 2:14-cv-148 were dismissed.  (*See* Case No. 2:13-cv-148, D.E. 47, 48)  To date, Plaintiff has not filed a notice of appeal in that proceeding.

On June 25, 2014, Plaintiff filed the instant lawsuit.  (D.E. 1).  Plaintiff claims that during discovery in Case No. 2:13-cv-148, he was made aware of the possible causal connection between smoking a communal pipe and contracting Hepatitis C.  In particular, he learned of another lawsuit involving a Native American, *Chance v. TDCJ,* 730 F.3d 404 (5th Cir. 2013), in which the prisoner-plaintiff sought to possesses a personal pipe because he had communicable diseases and was unable to participate in the sacred pipe ceremonies.  In response to that litigation, the TDCJ sought the opinions of medical personnel concerning the communal pipe practice, and also evaluated the cost of allowing inmates to possess their own personal pipes.  The TDCJ ultimately concluded that a complete ban on smoking the communal pipe was the least restrictive means of allowing Native American offenders to practice their faith while maintaining the legitimate

penological interests in prison security and safety. *Id.* at 408. The trial court granted summary judgment in favor of the TDCJ, and on appeal, the Fifth Circuit upheld the dismissal of Chance's claims concerning the communal pipe. *Id.*

Plaintiff's action herein does not involve the practice of his Native American faith. Rather, he argues that the TDCJ was deliberately indifferent to his serious medical needs from 2002-2009 when it did not have in place a policy banning the communal pipe, but instead, allowed Native American prisoners to partake in the communal pipe should they so desire. Plaintiff states that he is suing Brad Livingston, the TDCJ Executive Director, because:

> …acting under color of state law, and being sued in his official and individual capacity, [he] failed to protect Plaintiff from contracting Hepatitis C, and other communicable diseases, by being deliberately indifferent to Plaintiff's health and safety.

(D.E. 1, p. 5).

## III.   DISCUSSION

### A.   LEGAL STANDARD

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski v.*

*Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

    **B.**   **ANALYSIS**

Plaintiff claims that he entered the TDCJ in 1999 with a clean bill of health, and that he learned that he had contracted Hepatitis C in 2003, after he participated in the communal pipe ceremonies at the Connally Unit.  He continued to participate in the pipe ceremonies despite his communicable disease until the practice was banned by the TDCJ. He now seeks to hold the TDCJ and Brad Livingston individually liable for contracting Hepatitis C, claiming Defendant Livingston was deliberately indifferent to his health and safety in violation of the Eighth Amendment.

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted).  A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. *Id.* at 834.

The Supreme Court has recognized that exposure to contagious diseases may violate the Eighth Amendment if prison officials, acting with deliberate indifference, expose a prisoner to a sufficiently substantial "risk of serious damage to his future health." *Helling v. McKinney,* 509 U.S. 25, 35 (1993) (holding that exposure to environmental tobacco smoke states an Eighth Amendment cause of action even though the inmate was asymptomatic because the health risk posed by involuntary exposure to second hand smoke was "sufficiently imminent"). The Supreme Court also noted that inmates were entitled to relief under the Eighth Amendment where they proved threats to personal safety from the mingling of inmates with serious contagious diseases. *Id.* at 33.

Applying *Helling,* district courts have held that inmates can state an Eighth Amendment claim for confinement in a cell with an inmate who has a serious contagious disease that is spread by airborne particles, such as tuberculosis. *See e.g. Bolton v. Goord,* 992 F. Supp. 604, 628 (S.D.N.Y. 1998). However, the federal courts have consistently held that confinement in the same cell as an HIV-positive inmate does not violate the Eighth Amendment. *See e.g. Lacy v. Collins,* 66 F.3d 321, *2 (5th Cir. Aug. 8, 1995) (surveying case law and recognizing difficulties with HIV/AIDS claims regarding housing and food handling and allaying prisoners' unfounded fears as part of prison management, but affirming dismissal of prisoner's Eighth Amendment claim that officials allowed HIV positive inmates to masturbate in dayroom); *Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir. 1998) (holding that prison's failure to segregate inmates with HIV/AIDS did not violate Eighth Amendment).

There are several types of hepatitis (A,B, C, D. and E).[3]   While each type of hepatitis can be spread in various ways, the hepatitis viruses are generally not considered to be airborne pathogens.  *Id.*  Hepatitis C, is known to be transferred only by direct exposure to infectious body fluids including blood, vaginal or seminal fluid, or from mother to fetus.  *Id.*  The TDCJ-CID routinely screens prisoners for hepatitis and provides appropriate treatment, although in general, inmates with Hepatitis C are not isolated from the prison population based on their testing positive for the disease.

Assuming without deciding that Plaintiff contracted Hepatitis C from the communal pipe and not from prison tattoo practices, he still fails to state a constitutional violation because the TDCJ never had a policy requiring Plaintiff to participate in the communal pipe or any other behavior that might have increased his exposure to Hepatitis C.  *See Johnson v. Epps*, 479 Fed. Appx. 583 (5th Cir. 2012) (prison policies requiring inmates to share razors without properly disinfecting them unconstitutionally exposed prisoners to communicable diseases).   In this case, the TDCJ has in place a policy *prohibiting* the communal pipe.  Therefore, Plaintiff only has an Eighth Amendment claim if he can demonstrate that the TDCJ previously had or now has a policy *involuntarily* requiring him to partake in a practice that exposes him to a serious risk of current or future harm.  This he cannot do because there was no TDCJ regulation *requiring* Plaintiff to smoke the communal pipe, and now there is a policy expressly prohibiting it.  Unlike the barbershop claims where inmates are required to be clean-

---

[3] *See* www.cdc.gov/hepatitis/c/cfaq.htm.

shaven, Plaintiff was never forced by TDCJ policy to smoke the communal pipe. His lawsuit has as much merit as an inmate who smokes suing the TDCJ because it did not always ban smoking. Plaintiff's voluntary participation in the activity negates any liability on the part of the TDCJ. Plaintiff fails to allege that the TDCJ's failure to ban the communal pipe until it did so in response to the *Chance* litigation exposed him to a substantial risk of harm.

Similarly, Plaintiff fails to state a cognizable claim under the due process clause. The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty, or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986). The Fifth Circuit has held in a number of contexts that allegations amounting to negligence cannot support a § 1983 claim. *See e.g. Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993) (no constitutional violation based on negligent medical care); *Hare v. City of Corinth,* 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim under § 1983); *Eason v. Thaler,* 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence cannot support § 1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); *Doe v. Taylor Indep. Sch. Dist.,* 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds,* 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the constitution.").

Brad Livingston cannot be liable under § 1983 for failing to ban a religious practice that *may* have exposed Plaintiff to communicable diseases. Plaintiff testified that he was diagnosed with Hepatitis C in 2003, but continued to partake in the communal pipe ceremonies. It was not until the *Chance* litigation that a medical opinion to ban the communal pipe was offered and adopted by the TDCJ. Plaintiff offers no facts to suggest that Brad Livingston knew, or should have known prior to the *Chance* litigation, that Plaintiff's participation in the pipe ceremony could expose him to communicable diseases.

## IV.   RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Plaintiff's alleged constitutional claims against Brad Livingston be dismissed for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) against Plaintiff, and that notice of this dismissal be forwarded to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 6th day of August, 2014.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).