UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LEGATE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-269 |
| | § | |
| BRAD LIVINGSTON, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff James Legate's civil rights action pursuant to 42 U.S.C. § 1983. D.E. 1. On August 6, 2014, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R") recommending that Plaintiff's claims be dismissed. D.E. 12. This Court received Plaintiff's timely-filed objection on August 27, 2014. D.E. 13, 14. Plaintiff's objection is set out and discussed below.

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff did not state a viable claim for the alleged violation of his Eighth Amendment rights against cruel and unusual punishment. Plaintiff's objection focuses on a May 1996 version of the Texas Department of Criminal Justice's, ("TDCJ") Chaplaincy Manual Policy 9.01, which stated that "[i]nmates may not share pipes or smoke/tobacco [sic] products because of health related concerns." D.E. 1-2, p. 3. Plaintiff argues that Defendant knew "that health related concerns existed if they allowed Native American Inmvates [sic] to share a pipe, which is why the May, 1996 09.01 Policy was implemented in the first place, but

changed, without first taking reasonable measures that would guarantee the safety of all Native Americans sharing the pipe . . . ." D.E. 14, p. 6. Plaintiff points out that the M&R did not discuss Policy 9.01 and its implications, D.E. 14, p. 7, but Plaintiff does not address the M&R's underlying finding—that he failed to state a constitutional violation because the TDCJ did not have a policy requiring him to participate in the communal pipe ceremony. D.E. 12, p. 8.

As the Supreme Court in *Helling v. McKinney* reasoned, the objective component of an Eighth Amendment analysis "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone unwillingly* to such a risk." 509 U.S. 25, 36 (1993) (emphasis added). In this regard, although not controlling, the Seventh Circuit's opinion in *Christopher v. Buss* is instructive. 394 F.3d 879 (7th Cir. 2004). In *Christopher*, the court affirmed the lower court's dismissal of an inmate's claim that the prison violated his Eighth Amendment rights when it failed to correct a protrusive lip on the prison softball field that caused a ball to take an unexpected bounce, hitting and permanently injuring his eye. *Id.* at 880. In finding that the risk of being hit by a softball as a result of a hazardous field condition is one that today's society chooses to tolerate, the court stated:

> That [plaintiff] chose to play further derails his theory that prison officials failed to protect him from harm. A prison official's duty to protect an inmate from harm arises because the state has placed him "under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare[]" . . . [f]ar from being unable to exercise responsibility for his own welfare, [plaintiff], like any

> cautious ballplayer outside of prison, was free to examine the playing field for what he now characterizes as an apparent defect.

*Id.* at 882-93 (citing *Cnty of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998); *Haas v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985)).

Unlike inmates who are exposed to unreasonably high levels of tobacco smoke, *Helling*, 509 U.S. at 36, or asbestos, *Hoenig v. Collins*, 95 F.3d 53 (5th Cir. 1996), against their will, Plaintiff was capable of exercising ordinary responsibility for his own welfare. For example, as Plaintiff admits, without any warning or instruction from his jailors, he began to place his index finger and thumb over the pipe's opening before drawing a breath after testing positive for Hepatitis C. D.E. 14, p. 3. Plaintiff's admission undermines his claim that "it never crossed his mind that anyone could contract Hepatitis C or any other communicable disease by sharing the pipe . . . ." D.E. 14, p. 3. Plaintiff does not cite—nor is this Court aware of—any relevant authority to support his argument that TDCJ is required to warn inmates of obvious health risks—like sharing a pipe or toothbrush—that they can avoid by voluntarily managing their own behavior. Consequently, this Court finds no error in the Magistrate Judge's conclusion. Plaintiff's objection is **OVERRULED**.

Plaintiff seeks leave to add the unidentified TDCJ policymakers responsible for changing Policy 9.01 and leave to amend his complaint to include a due process violation claim against Brad Livingston for not warning him of the health related risks of sharing a pipe. D.E. 14, p. 12. Although, under Fed. R. Civ. P. 15, "[t]he court should freely give leave [to amend] when justice so requires," it is within the discretion of a district court to

deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). "An amendment is futile if it would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

As set out above, the facts that Plaintiff alleges do not support a claim under the Eighth Amendment prohibition against cruel and unusual punishment. Likewise, the Due Process Clause has "[h]istorically . . . been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331-32 (1986) (emphasis in original); *see also Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Plaintiff fails to allege that TDCJ took any deliberate action to deprive him of life, liberty, or property. As a result, granting Plaintiff's request for leave to add additional defendants or a due process claim would be futile. Accordingly, Plaintiff's request to amend is **DENIED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objection, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R (D.E. 12) to which objections were specifically directed, this Court **OVERRULES** Plaintiff's objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED.**

Because Plaintiff was granted leave to proceed in forma pauperis in this matter, it is further ordered that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

ORDERED this 12th day of January, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE